Back | Print

## 2021 CA 000019 - EALY, JOHNNY vs. FINNEGAN INDIVIDUALLY AND IN HIS CAPACITY AS AN, JOHN

SUMMARY

**Judge:** CROOM, JANET C
**Case Type:** NEGLIGENCE-OTHER
**Status:** OPEN
**Case Number:** 2021 CA 000019
**Uniform Case Number:** 312021CA000019XXXXXX
**Clerk File Date:** 1/12/2021
**Status Date:** 1/12/2021
**SAO Case Number:**
**Total Fees Due:** 0.00
**Agency:**
**Agency Report #:**
**Custody Location:**

PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| DEFENDANT | FINNEGAN INDIVIDUALLY AND IN HIS CAPACITY AS AN, JOHN | |
| PLAINTIFF | EALY, JOHNNY | OBRONT, CURT (Main Attorney) |

EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| Request | 14 | 3/10/2021 | AFFIDAVIT OF SERVICE (JOHN FINNEGAN - SVD: 3/2/21) |
| | 15 | 3/2/2021 | SUMMONS STATUS CHANGED TO SERVED |
| Request | 13 | 2/3/2021 | PAYMENT $10.00 RECEIPT #2021003661 |
| | 12 | 2/1/2021 | EMAIL SENT TO OBRONT, CURT RE SERVICE OF COURT DOCUMENT - CASE NUMBER 312021CA000019XXXXXX WITH 1 ATTACHMENTS: EFSUMM-2/1/2021 ***SUMMONS FOR JOHN FINNEGAN INDIVIDUALLY AND IN HIS CAPACITY AS AN INDIAN RIVER COUNTY SHERIFF'S OFFICE POLICE OFFICER*** |
| | 11 | 2/1/2021 | SUMMONS STATUS CHANGED TO PENDING SUMMONS |
| | 10 | 2/1/2021 | SUMMONS ISSUED: JOHN FINNEGAN INDIVIDUALLY AND IN HIS CAPACITY AS AN INDIAN RIVER COUNTY SHERIFF'S OFFICE POLICE OFFICER |
| Request | 9 | 2/1/2021 | SUMMONS |
| Request | 8 | 1/15/2021 | PAYMENT $400.00 RECEIPT #2021001564 |
| | 7 | 1/13/2021 | ***NO SUMMONS PROVIDED AT THIS TIME*** |
| | 2 | 1/13/2021 | PLAINTIFF ATTORNEY: OBRONT, CURT ASSIGNED |
| 7 | 5 | 1/12/2021 | COMPLAINT |
| Request | 4 | 1/12/2021 | CIVIL COVER SHEET |
| Request | 3 | 1/12/2021 | CIVIL COVER SHEET |
| | 1 | 1/12/2021 | CASE FILED 01/12/2021 CASE NUMBER 2021 CA 000019 |

Filing # 119506289 E-Filed 01/12/2021 04:48:00 PM

FORM 1.997. **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

(Name of Court) Indian River Circuit Court

Plaintiff Johnny Ealy

Case # 312021CA000019XXXXXX

Judge ____________

vs.

Defendant John Finnegan individually and in his capacity as an IRC Police Officer

## II. AMOUNT OF CLAIM

**Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.**

____ $8,000 or Less
____ $8,001 - $30,000
____ $30,001 - $50,000
____ $50,001 - $75,000
____ ~~$75,001 - $100,000~~
__X__ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

____ Condominium
____ Contracts and indebtedness
____ Eminent domain
____ Auto negligence
__X__ Negligence—other
- ____ Business governance
- ____ Business torts
- ____ Environmental/Toxic tort
- ____ Third party indemnification
- ____ Construction defect
- ____ Mass tort
- ____ Negligent security
- ____ Nursing home negligence
- ____ Premises liability—commercial
- ____ Premises liability—residential

_____ Products liability
___ Real property/Mortgage foreclosure
  _____ Commercial foreclosure
  _____ Homestead residential foreclosure
  _____ Non-homestead residential foreclosure
  _____ Other real property actions
_____ Professional malpractice
  _____ Malpractice—business
  _____ Malpractice—medical
  _____ Malpractice—other professional
_____ Other
  _____ Antitrust/Trade regulation
  _____ Business transactions
  _____ Constitutional challenge—statute or ordinance
  _____ Constitutional challenge—proposed amendment
  _____ Corporate trusts
  _____ Discrimination—employment or other
  _____ Insurance claims
  _____ Intellectual property
  _____ Libel/Slander
  _____ Shareholder derivative action
  _____ Securities litigation
  _____ Trade secrets
  _____ Trust litigation

**COUNTY CIVIL**

_____ Civil
_____ Real property/Mortgage foreclosure
_____ Replevins
_____ Evictions
  _____ Residential Evictions
  _____ Non-residential Evictions
_____ Other civil (non-monetary)

**IV. REMEDIES SOUGHT** (check all that apply):
__X__ Monetary;
_____ Nonmonetary declaratory or injunctive relief;
_____ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [3]
(Specify) ______________________________

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
_____ yes
__X__ no

VII. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

X no

__ yes If "yes," list all related cases by name, case number, and court.

VIII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**

X yes

__ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature [signature] Fla. Bar # 402494

Attorney or party (Bar # if attorney)

Curt Obront, ESQ. 1/12/21

(type or print name) Date

Filing # 119506289 E-Filed 01/12/2021 04:48:00 PM

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT, IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 312021CA000019XXXXXX

JOHNNY EALY,

Plaintiff,

vs.

JOHN FINNEGAN, individually, and in his capacity as an Indian River County Sheriff's Office Police Officer,

Defendant.

______________________________/

**COMPLAINT**

COMES NOW the Plaintiff, JOHNNY EALY, by and through his undersigned counsel and hereby sues the Defendant, JOHN FINNEGAN, individually, and in his capacity as an Indian River County Sheriff's Office Police Officer, and as grounds in support thereof would state as follows:

1. This is an action for damages in excess of the minimum jurisdictional limits of this Court exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, JOHNNY EALY, was and is a resident of St. Lucie County, Florida.

3. At all times material hereto, the Defendant, JOHN FINNEGAN, upon information and belief, was and is a resident of Indian River County, Florida.

4. Venue properly lies in St. Lucie County, Florida because all the events giving rise to this action occurred in Indian River County, Florida.

5. All conditions precedent to the suit have been performed or waived.

## FACTS COMMON TO ALL COUNTS

6. On January 19, 2017 (the "Date of Incident"), EALY was at 7802 Lockwood Drive in Fort Pierce, Florida where he was arrested by FINNEGAN and other officers of the INDIAN RIVER COUNTY SHERIFF'S DEPARTMENT, ST. LUCIE COUNTY SHERIFF'S DEPARMENT, and other law enforcement agencies without probable cause.

7. EALY was lawfully at his family's residence and was not committing any crime or otherwise under investigation for any criminal activity at the time of the incident.

8. FINNEGAN committed a battery on EALY without any legal justification. Indeed, EALY was walking away from FINNEGAN back into his home when he was violently attacked by FINNEGAN from behind. Additionally, FINNEGAN violated EALY'S 4th and 14th Amendment rights for the unjustifiable use of excessive force causing seriously bodily injury to EALY.

9. Despite the fact that EALY was not resisting arrest nor threatening the officers (or anyone) in any way, EALY was violently thrown to the ground and was kicked, punched, and trampled on while on the ground by FINNEGAN.

10. EALY was placed under arrest for battery on a law enforcement officer and transported to the St Lucie County Jail.

11. FINNEGAN confronted Plaintiff on his own property stating he was looking for his son Chris. When Plaintiff told FINNEGAN Chris was not there and asked whether he had a warrant, FINNEGAN got angry with Plaintiff, lifted him in the air, and violently threw Plaintiff onto the ground, and then began kicking, punching, and trampling on him, injuring his back, neck, shoulder, knee and elbow which resulted in permanent injury and scarring.

12. At all times material hereto, Title 42 U.S.C. §1983 states, inter alia: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

13. As a result of his arrest and incarceration, EALY suffered financial losses, permanent injuries to, inter-alia, his back, neck, knees.

**COUNT I — STATE LAW BATTERY AGAINST FINNEGAN**

14. Plaintiff reincorporates and realleges Paragraphs 1 through 13 herein.

15 At all times material hereto, the circumstances did not indicate that a crime had been committed nor that there was probable cause or even arguable probable cause that a crime had been committed by EALY, nor was Plaintiff displaying any kind of provocation or threats or harm.

16. As such, FINNEGAN used excessive and unreasonable force in arresting Plaintiff in that he violently grabbed the Plaintiff under circumstances where the use of any force would not have been justified as there was no probable cause to believe EALY had committed any crime.

17. FINNEGAN'S conduct in causing harmful and offensive contact to the Plaintiff against his will was done in bad faith, was done with malicious purpose, and/or was done in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

18. FINNEGAN'S conduct evinced bad faith, a malicious purpose, and/or a wanton and willful disregard of human rights and safety in so far as there was no probable cause (nor any reason whatsoever) for FINNEGAN to violently attack EALY.

19. EALY never posed a threat to anyone nor was there even arguable probable cause to arrest him.

20. As a direct and proximate result of the acts described herein, the Plaintiff was injured in and about his body and extremities and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses for the treatment of said injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in nature, and Plaintiff will suffer such losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, JOHN FINNEGAN, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

**COUNT II — EXCESSIVE FORCE UNDER 42 U.S.C. §1983:**

21. The Plaintiff, JOHNNY EALY, realleges and reavers Paragraphs 1 through 13 as if fully set forth herein.

22. At all times material hereto, FINNEGAN was acting under color of law.

23. Without probable cause or reasonable suspicion that Plaintiff had committed a crime, FINNEGAN unlawfully arrested EALY with force by aggressively grabbing him against his consent, throwing him to the ground, and then kicking, punching, and trampling on him while on the ground.

24. At all times material hereto, Plaintiff's rights, under both the Fourth and Fourteenth Amendments, to be free from having excessive force used against his person was clearly established. The force used by FINNEGAN during the seizure was excessive under the circumstances presented and therefore completely unreasonable.

25. The use of any force against EALY was unlawful because, inter alia, the arrest itself was unlawful. Alternatively, even assuming that de minimis force were permitted, FINNEGAN used more than de minimis force and used force that was unreasonable under the circumstances, as EALY was an unarmed, nonthreatening, well-mannered, nonviolent and non-fleeing person. A reasonable officer would not have used any force against EALY under the circumstances, let alone violent force which included but was not limited to violently throwing him to the ground, and kicking, punching, and stomping on him after he was thrown to the ground.

26. At all times material hereto, the circumstances did not indicate that a crime had been committed nor that there was probable cause or even arguable probable cause that a crime had been committed, nor was Plaintiff displaying any kind of provocation or threats or alarm.

27. As a direct and proximate result of FINNEGAN'S actions, EALY has suffered damages, including but not limited to; shame, embarrassment, mental anguish, physical injury, pain, loss of reputation, financial loss, past and future loss of liability to earn wages, medical expenses, and mental injuries. These losses are either permanent or continuing in nature and EALY will suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands the entry of judgment against the Defendant for: (a) compensatory damages, (b) together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, (c) trial by jury on all issues so triable as matter of law and (d) such further relief as the Court deems proper.

**COUNT III — FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. §1983**

28. Plaintiff reincorporates and realleges paragraphs 1 through 13 herein.

29. At all times material hereto, FINNEGAN was acting under color of law.

30. Plaintiff engaged in constitutionally protected speech in that he verbally challenged, questioned and/or opposed police action by stating if they [the police] don't have a search warrant, they should leave. Plaintiff also engaged in constitutionally protected speech and/or a constitutionally protected act in that he approached FINNEGAN and the other officers to advise that his son Chris was not home and asked him if he had a warrant. FINNEGAN told Plaintiff to shut up and he does not need a warrant. As EALY was walking away to go back into his home, he was violently attacked from behind by FINNEGAN.

31. Plaintiff's verbal protests to FINNEGAN, and/or the other officers, qualify as constitutionally protected speech. *See, e.g., City of Houston, Tex. v. Hill*, 482 U.S. 451 (1987) ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."). Plaintiff's act of seeking to offer his assistance and/or provide information to Smith and/or the other officers is similarly constitutionally protected speech.

32. Plaintiff was retaliated against for his constitutionally-protected speech/act(s) by FINNEGAN who threw him to the ground and beat him while on the ground, and who arrested him without probable cause.

33. FINNEGAN'S retaliatory conduct adversely affected the protected speech in so far as a person of ordinary firmness would likely be deterred from exercising his First Amendment Rights in the face of such conduct.

34. The retaliation was casually connected to the adverse effect on EALY'S constitutionally-protected speech because, inter alia, EALY was arrested without probable cause due to his constitutionally-protected speech. A person of ordinary firmness would likely be deterred from exercising his First Amendments Rights in the face of being arrested and beaten for

his constitutionally-protected speech and the circumstances of EALY'S arrest show that the retaliatory arrest was connected to his constitutionally protected speech/act(s).

35. At all times material hereto, EALY'S right to be free from arrest without probable cause because of his protected speech and/or act(s) was clearly established. *See, e.g.*, *Bennett v. Hendrix*, 423 F.3d 1247, 1255–56 (11th Cir. 2005).

36. As a direct and proximate cause of the prohibited retaliatory acts, EALY suffered loss of freedom by incarceration, pain and suffering, physical injury embarrassment and indignity, humiliation and/or emotional injury leading to interference with his enjoyment of life, and financial damage and loss of future earning capacity.

**WHEREFORE**, the Plaintiff demands the entry of judgment against the Defendant, JOHN FINNEGAN, for: (a) compensatory damages, (b) together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, (c) trial by jury on all issues so triable as matter of law and (d) such further relief as the Court deems proper.

**Demand for Jury Trial**

Plaintiff demands trial by jury on any issues so triable.

Respectfully submitted,

OBRONT COREY, PLLC
*Attorneys for Plaintiff.*
Bayfront Tower
100 South Biscayne Blvd. - Suite 800
Miami, Florida 33131
Telephone: (305) 373-1040
Facsimile: (305) 373-2040
E-mail: curt@obrontcorey.com

By: ______________________
CURT OBRONT, ESQ.
Florida Bar No. 402494

Filing # 120593605 E-Filed 02/01/2021 02:50:09 PM

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT, IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2021 CA 000019
312021CA000019XXXXXX

JOHNNY EALY,

Plaintiff,

vs.

JOHN FINNEGAN, individually, and in his capacity as an Indian River County Sheriff's Office Police Officer,

Defendant.
_______________________________/

**SUMMONS**

Florida Bar No. 402494

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in this action on defendant(s):

JOHN FINNEGAN
Indian River County Sheriff's Office
4055 41st Avenue
Vero Beach, Florida 32960

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

Curt Obront, Esq.
Obront Corey PLLC
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax: (305) 373-2040

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Indian River County Courthouse, 2000 16th Avenue, Vero Beach, Florida 32960, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated on 2/1/2021

CIRCUIT & COUNTY COURTS CLERK INDIAN RIVER COUNTY FLORIDA

Jeffrey Smith
As Clerk of the Court

By: ______________________
Deputy Clerk

Filing # 122823762 E-Filed 03/10/2021 10:43:29 AM

# AFFIDAVIT OF SERVICE

**State of Florida** **County of Indian River** **Circuit Court**

Case Number: 2021 CA 000019

Plaintiff:
**JOHNNY EALY**

vs.

Defendant:
**JOHN FINNEGAN, individually, and IN HIS CAPACITY AS AN INDIAN RIVER COUNTY SHERIFF'S OFFICER POLICE OFFICER**

For:
CURT OBRONT
OBRONT COREY, PLLC
100 SOUTH BISCAYNE BOULEVARD
SUITE 800
MIAMI, FL 333131

Received by SAMUELS PROFESSIONAL SERVERS on the 19th day of February, 2021 at 1:18 pm to be served on **JOHN FINNEGAN, Indian River County Sheriff's Office, 4055 41st Ave, FL 32960**.

I, Jesse Diaz, P.S. 05-04, being duly sworn, depose and say that on the **2nd day of March, 2021 at 6:37 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JOHN FINNEGAN** at the address of: **Indian River County Sheriff's Office, 4055 41st Ave, FL 32960**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on 3/11/21 by the affiant who is personally known to me.

NOTARY PUBLIC

Notary Public State of Florida
Victrie Collins
My Commission [illegible]
Expires [illegible]

Jesse Diaz, P.S. 05-04
Process Server

**SAMUELS PROFESSIONAL SERVERS**
**P.O. Box 562948**
**Miami, FL 33256**
**(786) 219-6844**

Our Job Serial Number: BAK-2021000275

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

Filing # 120593605 E-Filed 02/01/2021 02:50:09 PM

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT, IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2021 CA 000019
312021CA000019XXXXXX

JOHNNY EALY,

Plaintiff,

vs.

JOHN FINNEGAN, individually, and in his capacity as an Indian River County Sheriff's Office Police Officer,

Defendant.
_______________________________/

**SUMMONS**

Florida Bar No. 402494

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in this action on defendant(s):

JOHN FINNEGAN
Indian River County Sheriff's Office
4055 41st Avenue
Vero Beach, Florida 32960

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

Curt Obront, Esq.
Obront Corey PLLC
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax: (305) 373-2040

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Indian River County Courthouse, 2000 16th Avenue, Vero Beach, Florida 32960, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated on 2/1/2021

Jeffrey Smith
As Clerk of the Court

By: [signature]
Deputy Clerk