UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. PIERCE DIVISION)

JOHNNY EALY,

Plaintiff,

CASE NO.: 2:21-cv-14123

v.

JOHN FINNEGAN, individually and
In his capacity as an Indian River
County Sheriff's Office Police Officer,

Defendant.
_______________________________________/

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT**

The Defendant, JOHN FINNEGAN, in his individual capacity, through undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, files this Statement of Material Facts in Support of his Motion for Final Summary Judgment as follows:

1. On January 18, 2017, an Arrest Warrant was issued for the arrest of Christopher O'Neal, the Plaintiff's son. (Exh. A – Arrest Warrant; Exh. B – Depo. Trans. of Johnny Ealy - pg. 32/5-7). Christopher O'Neal was wanted for attempted first degree murder and possession of a firearm. (Exh. A – Arrest Warrant).

2. On January 19, 2017, Indian River County Sheriff's Deputy, John Finnegan, was working in conjunction with the St. Lucie County Sheriff's Office and the US Marshals Florida Fugitive Regional Task Force searching for Christopher O'Neal. (Exh. C – Depo. Trans. of John Finnegan, pg. 5/17 – pg. 6/5).

3. The investigation into the location of O'Neal led the officers to 7802 Lockwood Drive[1], Ft. Pierce, Florida. (Exh. C, pg. 12/2-12, pg. 36/2-7).

4. When the officers arrived at the target residence, Deputy Finnegan approached the front of the residence and the other officers surrounded the home. (Exh. B, pg. 73/6/24; Exh. C, p. 13/3-11).

5. As Deputy Finnegan approached the front of the residence, he observed the Plaintiff move aggressively from the next-door residence as he yelled obscenities toward Deputy Finnegan. (Exh. C, pg. 16/23 – pg. 17/23).

6. Specifically, the Plaintiff yelled at Deputy Finnegan four – five times to "get the hell out of the yard". (Exh. B , pg. 60/24 – pg. 61/5; Exh. C, pg. 16/23 – pg. 17/23).

7. The Plaintiff testified that he was aware that Deputy Finnegan was there on behalf of the U.S. Marshal. (Exh. B, pg. 51/20 – pg. 52/5, pg. 58/2-8).

8. Deputy Finnegan asked the Plaintiff several times where his son, Christopher O'Neal, was located. (Exh. B, pg. 65/26 – pg. 66/2).

9. The Plaintiff testified that Deputy Finnegan somehow bumped him with his chest. (Exh. B, pg. 66/3-14, pg. 104/11-23).

10. The Plaintiff then pushed Deputy Finnegan with his forearm and attempted to walk toward the garage which was open. (Exh. B, pg. 104-105, pg. 147/3-7, pg. 95/23 – pg. 96/4; Exh. C, pg. 17/13-23, pg. 18/4-10; pg. 107/1-2).

11. Deputy Finnegan lost his balance when the Plaintiff pushed him. (Exh. C pg. 26/12-19).

---

[1] 7802 Lockwood Drive was the Plaintiff's mother's residence. Mr. Ealy claims that he resided with his mother and for purposes of this Motion that fact is not disputed.

12. Deputy Finnegan then grabbed the Plaintiff from behind/from the side with both arms and they both went down to the ground. (Exh. C, pg. 26/12-19, pg. 28/9-22; Exh. B, pg. 145/6-11).

13. The Plaintiff used his right arm to brace himself from the fall. (Exh. B, pg. 143/5-22).

14. Once on the ground, Deputy Finnegan stood up, ordered the Plaintiff to get off the ground and then placed him in restraints. (Exh. C, pg. 30/5-8; Exh. B, pg. 145/25 – pg. 146/10).

15. The Plaintiff was placed under arrest for battery on a law enforcement officer by the St. Lucie County Sheriff's Office. (Exh. D - SLCSO Incident Report).

16. The Plaintiff bonded out of the jail the following day. (Exh. B, pg. 159/3-5).

17. On January 21, 2017, the Plaintiff went to Lawnwood Regional Medical Center for an evaluation. (Composite Exh. E, pg. 1). He was admitted at approximately 12:58 p.m. and discharged at 2:02 p.m. (Id., pgs. 1, 5). Medical records reflect that he complained of right shoulder and right knee pain. (Id., pg. 1). Medical records also reflect that although tenderness was present, there was no swelling, deformity, fracture or dislocation. (Id., pgs. 1-3).

18. The Amended Information reads as follows: "COUNT I: On or about January 19, 2017 Johnny Arness Ely did intentionally touch or strike John Finnegan against that person's will or did intentionally cause bodily harm to said person, and at the time of the battery John Finnegan was a law enforcement officer or firefighter who was engaged in the lawful performance of a legal duty, and the defendant knew John Finnegan was a law enforcement officer or firefighter, in violation of Florida Statutes 784.03 and 784.07(2)(b)." (Exh F - Amended Information).

19. On August 13, 2018, the Plaintiff pled no contest to Count I in the Amended Information - battery on law enforcement officer. A factual basis was found by the Court and the plea was accepted. The Plaintiff was adjudicated guilty. (See Exh. G - Crim. Filings/Docket).

20. The Plaintiff claims that as a result of this incident his right elbow and right knee were scraped during the takedown. (Exh. B, pg. 147/18-25). He also alleges that he has two herniated discs in his back as a result of this incident. (Exh. B, pg. 80/9-24). He also claims that six months after this incident, he became paralyzed and just recently started walking again. (Exh. B, pg. 80/9-24, pg. 82/12 – pg. 84/17).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **29th** day of October, 2021, a copy of the foregoing was filed via the CM/ECF filing system which sends an electronic copy to: CURT OBRONT, ESQUIRE, counsel for Plaintiff, Orbront Corey, PLLC, Bayfront Tower, 100 S. Biscayne Blvd., Suite 800, Miami, Florida 33131; Email: curt@obrontcorey.com; karlene@obrontcorey.com .

PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Attorneys for Defendant
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
E-mail: Christy@purdylaw.com

BY: ***/s/ Christy M. Imparato***
CHRISTY M. IMPARATO
Fla. Bar No. 0084631